**E-FILED** on 04/13/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CONOCOPHILLIPS COMPANY SERVICE STATION RENT CONTRACT LITIGATION | Case No. M:09-cv-02040 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>**[Re Docket No. 82]** |

Defendant's motion to dismiss plaintiffs' Second Amended Consolidated Master Complaint[1] came on for hearing before the court on August 27, 2010. Plaintiffs oppose the motion. After considering the papers submitted by the parties and their arguments at the hearing on the motion and for reasons set forth below, defendant's motion to dismiss is granted.

## BACKGROUND

This multi-district litigation is brought against defendant ConocoPhillips Company ("Conoco") by many of its gasoline service station lessee-dealers. Each of the plaintiffs owns or operates a Union 76 brand service station under a franchise agreement with ConocoPhillips, a sample of which is attached as Exhibit A to the Second Amended Consolidated Master Complaint ("SAC"). The dispute arises out of defendant's increase in station rents effective July 1, 2009

---

[1] Although the operative pleading is titled plaintiffs' "First Amended Consolidated Master Complaint," it is actually plaintiffs' "Second Amended Consolidated Master Complaint."

1  pursuant to a notice sent to plaintiffs on approximately March 24, 2009.[2]  Additionally, plaintiffs
2  complain that defendant charges plaintiffs credit and debit card processing fees on each such
3  transaction, as a "pass through" expense, but then receives a portion of such processing fees in the
4  form of a "kick back" payment from the third party credit and debit card processing institutions.

5        The SAC asserts three claims of relief: (1) that defendant violated the California Franchise
6  Investment Law ("FIL") (Cal. Corp. Code § 31000 et seq.) by not providing the disclosures required
7  by Section 31101(c)(2) prior to the time defendant increased the rent to be charged; (2) that
8  defendant violated California's statutory unfair competition law (Business and Professions Code
9  Section 17200 et seq.), by adjusting plaintiffs' rents and by charging credit and debit card processing
10 fees as a "pass through" expense when in fact defendant received a portion of such fees in the form
11 of a "kick back" from the third party credit and debit card processing institutions; and (3) that
12 plaintiffs are entitled to a declaration that defendant's rent modification, receipt, and retention of a
13 portion of the credit and debit card processing fees are unlawful.

14 **ANALYSIS**

15 **I.    First Claim for Relief: Violation of California Franchise Investment Law**

16       Defendant moves to dismiss the first claim for relief contending that the facts, as alleged, do
17 not state a claim for violation of the FIL.  Plaintiffs allege for their first claim that "CONOCO's
18 Rents Modification is a violation of the California Franchise Investment Law because such Rent
19 Modification was a 'material modification' within the meaning of California Corporations Code §
20 31101 (c)(2) and [31018(c)] and that CONOCO failed to provide such plaintiffs 10 business days
21 within which to object and rescind, or alternatively, acquiesce in the Rent Modification, as required
22 by § 31101(c)(2)."  SAC ¶ 76.

23       The fatal flaw in plaintiffs' allegation is that plaintiffs agreed in the "RENTAL" section of
24 their Dealer Station Leases that plaintiffs would pay to Conoco rent, as determined in accordance
25 with Conoco's Rent Policy adopted by Conoco, "in good faith and in the ordinary course of
26 business."  Dealer Station Lease, RENTAL § 3(a).  The leases further expressly provide that the

27

28     [2] The SAC alleges that defendant notified each plaintiff of the rent change between September 2008 and March 2009. Dkt. No. 80 at ¶ 72.  The prior amended complaint alleges that the notification was given to each plaintiff on or about March 24, 2009. Dkt. No. 68 at ¶ 72.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO.  M:09-cv-2040-RMW

Rent Policy "may be amended or modified by CONOCOPHILLIPS at any time or from time to time." *Id.* Thus, the amendment or modification of the Rental Policy which increased plaintiffs' rent was not a "material modification of an existing franchise" agreement as contemplated by § 31101(c)(2). Plaintiffs agreed to such rental adjustments at the time they entered into their Dealer Station Leases. If the Rental Policy was not modified in the regular court of business or was not done in good faith, plaintiffs would have a breach of contract claim. However, that is not what plaintiffs are asserting and plaintiffs stated at the hearing on the motion to dismiss that they had elected not to sue for breach of contract. Conoco's right to adjust its Rental Policy is also conditioned on "at least 90 days" notice prior to implementation. Dealer Station Lease, Rental § 3(d).[3] Conoco gave the required notice.

    Plaintiffs argue that "materiality" presents a question of fact and thus the SAC cannot be dismissed upon a motion to dismiss. However, defendant's motion is not based upon the assertion that the rental adjustment was not material, but rather that the rental adjustment did not require a modification of the Dealer Lease Agreement, i.e., the Dealer Lease Agreement expressly permitted the unilateral rental increase Conoco made.

    Plaintiffs assert that defendant is essentially asserting that it can modify the rental amount with impunity. Defendant has not made this argument. Defendant correctly notes that is right to amend is not unfettered. Changes made in the Rent Policy must be ". . . adopted in good faith and the ordinary courts of business"[4] and plaintiffs must be given at least 90 days advance notice.

    Plaintiffs also contend that Exhibit B to the Dealer Lease Agreement specifies a fixed amount and that it does not warn that the amount could change. This argument lacks merit. The section on Rental in the Dealer Lease Agreement has subsections (a) through (g). Subsection (c) says that the "Dealer shall pay to ConocoPhillips Rent as specified in the attached Exhibit B. Exhibit B lists the commencement day of the rent and the amount. Subsection (a) of the RENTAL

---

[3] § 3(d) also warns plaintiffs that rent adjustments may be made based upon changes in the Consumer Price Index–All Urban Consumers ("CPIU"). This provision may also be relevant to whether any adjustment in the Rent Policy was made in good faith.

[4] Whether defendant's Rent Policy was adopted in good faith is beyond the scope of this order, but a number of factors may be relevant to such a determination, such as whether there were changes in the CPIU.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO.  M:09-cv-2040-RMW

section specifically provides that the Rent Policy can be amended or modified at any time or from time to time. Subsection (d) provides that Conoco will notify of changes in rent at least ninety days in advance. Subsection (d) also says that rent may be subject to adjustment based upon changes in the CPIU. Plaintiff cannot fairly argue that they thought that Exhibit B fixed rent for the term of the agreement when the surrounding subsections expressly provide otherwise.

The court acknowledges that the Dealer Lease Agreement places only limited restraint on Conoco's ability to increase the rent. However, that is what plaintiffs agreed to by entering into the Dealer Lease Agreements. An adjustment of rent made pursuant to the terms of a lease is not a material modification of that lease requiring disclosures under Section 31101 (c). The FIL was enacted to ensure that prospective franchisees are adequately informed of their duties and obligations under franchise relationships before entering into them. *See* Cal. Corp. § 31001 ("It is the intent of this law to provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered." Section 31101(c)(1) requires comprehensive disclosures upon the offering of an initial franchise to a prospective franchisee, and Section 31101(c)(2) requires disclosure about the particular section of an existing franchise agreement that a franchisor proposes to materially modify. Neither disclosure obligation requires a franchisor to make disclosures to a franchisee when that franchisor has elected to make an adjustment or modification already authorized to in a lease. Conoco did not violate the FIL by adjusting plaintiff's rent.

**II.     Second Claim for Relief: Unfair Competition**

Plaintiff's second claim for relief for unfair competition as proscribed by California Business and Professions Code Section 17200 et seq. is premised on defendant's alleged violation of the FIL by failing to provide notice of the proposed modification to the franchise agreements and on defendant's receipt of "kick backs" of credit and debit card processing fees. To the extent the claim is based upon the alleged violation of the FIL, the claim fails because, as discussed above, there is no violation of the FIL to support a claim for unfair competition.

With regard to the second basis for the Section 17200 claim, defendant contends that the unfair competition statute does not apply to what amounts to commercial disputes between contracting parties not involving the general public or consumers. Defendant relies, in part, on

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO. M:09-cv-2040-RMW

*Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal App. 4th 115, 135 (2007), and *In re Webkinz,* 695 F. Supp. 2d 987 (N.D. Cal. 2010).

Plaintiffs attempt to distinguish the case law, arguing that *Webkinz* is inapposite because it is an antitrust case and *Linear Technology* is distinguishable on the basis that the present "case is not based [on] 'contracts,' but rather on COP's actions outside of those contracts, such as unilateral modification to fixed rent amounts and receipt of 'kick-backs' that are not provided for in any contract." Opp. at 11.

Plaintiffs' argument is unpersuasive. Plaintiffs' relationship with defendant is defined by their contractual arrangement. The case does not involve the general public or individual consumers who are parties to a contract. Rather, it is a dispute between commercial parties over their economic relationship. Under *Linear Technology,* plaintiffs cannot assert an "unfair business practice" claim under Section 17200.

In addition, the Dealer Lease Agreement provides in Section 4 entitled CREDIT CARDS, OTHER PAYMENT METHODS, EPOS AND NETWORK ACCESS that the dealer will pay Conoco's credit and debit card transaction fees. Although plaintiffs use the inflammatory word "kickbacks," they fail to assert facts showing what is unfair or unlawful about these provisions. Accordingly, defendant's motion is granted and the second claim for relief is dismissed.

### III.   Third Claims for Relief: Declaratory Relief

Plaintiff's third claim is for declaratory relief and is based on the first two claims for relief. Because those claims are deficient, the declaratory relief claim necessarily also fails. Accordingly, the third claim for relief is also dismissed.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. It does not appear that plaintiffs have any basis for successfully amending their first claim, nor the second and third claims to the extent they are based upon the first claim. Therefore, those claims are dismissed without

leave.  Although it appears unlikely that plaintiffs can successfully plead other claims, the court is not absolutely convinced that they cannot.  Plaintiffs are given twenty days to amend as to other claims.

DATED:__4/13/2011__        _____
                            RONALD M. WHYTE
                            United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
CASE NO.  M:09-cv-2040-RMW